**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| LADERRICK D. SMITH, ID # 1258111,     ) | |
|       Petitioner,     ) | |
| vs.     ) | No. 3:13-CV-2712-G (BH) |
|     ) | |
| WILLIAM STEPHENS, Director,     ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal     ) | |
| Justice, Correctional Institutions Division,     ) | |
|       Respondent.     ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be dismissed as barred by the statute of limitations.

**I. BACKGROUND**

LaDerrick D. Smith (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID.

On September 1, 2004, after having pled not guilty, Petitioner was convicted by the trial court of possession with intent to deliver 400 grams or more of cocaine in Cause No. F03-55434-Q in the 204th Judicial District Court of Dallas County, and sentenced to forty years' imprisonment. (Amended Petition (Amend. Pet.) at 2-3).[1] Petitioner appealed this conviction and sentence. The

---

[1] On that same date, petitioner's probated sentence for possession of marijuana in Cause No. F96-43186-JQ was revoked, and he received a two-year sentence. Furthermore, petitioner was also convicted of two additional offenses, possession of marijuana and unlawful possession of a firearm by a felon, in Cause Nos. F03-55435-Q and F03-55436-Q, and was sentenced to two years and ten years, respectively. *See Smith v. State*, 176 S.W.3d 907, 911, n. 2-6 (Tex. App.–Dallas 2005, pet. ref'd). While petitioner directly appealed these convictions, he does not challenge these other convictions in his federal petition.

Fifth District Court of Appeals affirmed the conviction in a published opinion on October 20, 2005. *Smith v. State*, 176 S.W.3d 907 (Tex. App. – Dallas, 2005, pet. ref'd). Petitioner filed a petition for discretionary review that was refused by the Court of Criminal Appeals on July 26, 2006. (PD-0349-06). He did not file a petition for certiorari with the Supreme Court.

On May 15, 2007, the trial court received Petitioner's state application for writ of habeas corpus challenging this conviction. (*See* www.dallascounty.org, search for Cause No. W03-55434A). On January 21, 2009, the Court of Criminal Appeals denied the application without a written order based on the trial court's findings. *See Ex parte Smith*, WR-68,276-02 (Tex. Crim. App. Jan. 21, 2009).

Petitioner first challenged this conviction in federal court on April 1, 2009, by way of *Application for Certificate of Appealability*. *See Smith v. Quarterman*, No. 3:09-cv-0662-G (N.D. Tex.) (doc.1 at 1, 21).[2] On April 10, 2009, the Court issued an order advising Petitioner that he had not paid the $5 fee or submitted an application to proceed *in forma pauperis* (IFP), and that his federal petition was not filed on the appropriate form. He was given thirty days to pay the filing fee or apply for IFP status and to file an amended petition on the correct form, and IFP and § 2254 forms were mailed to him. (*See id.*, doc. 2.) After Petitioner failed to comply with the order, on May 15, 2009, it was recommended that his first federal petition be dismissed for want of prosecution. (*See id.*, doc. 3.) On June 1, 2009, the Court received Petitioner's objections. Although he objected to some statements in the recommendation, he did not pay the filing fee, seek IFP status, or file an

---

[2] This filing was postmarked April 1, 2009, and was received by this Court on April 9, 2009. A *pro se* prisoner's pleadings are considered filed when they are placed in the prison mail system. *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). The filing contains an unsworn declaration dated February 27, 2009, but the application is not otherwise dated and does not contain any information regarding the date Petitioner actually placed it in the prison mail system. Although the most accurate date of filing appears to be April 1, 2009, the postmark date, an exact filing date is unnecessary to the disposition of this case.

amended petition on the appropriate form. (*See id.*, doc. 4.)  His federal petition was dismissed without prejudice for want of prosecution on June 4, 2009. (*See id.*, docs. 5, 6.)

More than four years later, on July 5, 2013, Petitioner filed an *Application to Proceed In Forma Pauperis* and a *Motion for Leave to Amend Previous Record*, in Cause No. 3:09-cv-662-G. (doc. 9). These filings were construed as a new federal habeas petition. (*See id.*, doc. 10; *see also Smith v. Stephens*, No. 3:13-cv-2712-G, doc. 3.)  Petitioner mailed an amended federal habeas petition using the correct form, as ordered, on September 25, 2013. (Amend. Pet. at 10).

## II. STATUTE OF LIMITATIONS

### A. Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any petition for writ of certiorari with the United States Supreme Court after his PDR was refused by the Court of Criminal Appeals. His state conviction became final for purposes of § 2244(d) by the expiration of the ninety-day time frame for seeking further review after the Texas Court of Criminal Appeals refused the PDR. *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and noting that the Supreme Court allows ninety days for filing a petition for certiorari following the entry of judgment); SUP. CT. R. 13.3. Petitioner's PDR was refused on July 26, 2006, so his state conviction became final ninety days later, on October 24, 2006.

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C). The one-year statute of limitations is therefore calculated from the latest of (A) the date Petitioner's conviction became final or (D) the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), Petitioner alleges prosecutorial misconduct and ineffective assistance of counsel in his federal petition. (Amend. Pet. at 6). The facts supporting these claims became known or could have become known prior to the date his state judgment of conviction became final. Because Petitioner filed his challenge to his state conviction more than one year after his conviction became final on October 24, 2006, a literal application of § 2244(d)(1) renders his July 5, 2013 filings untimely.

**B. <u>Tolling</u>**

Section 2244 mandates that "[t]he time during which a properly filed application for State

4

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection.*" 28 U.S.C. § 2244(d)(2) (emphasis added). The one-year limitations period was therefore tolled while petitioner's state habeas application was pending before the Texas state courts. *See also Henderson* v. *Johnson*, 1 F.Supp.2d 650, 652 (N.D. Tex. 1998) (holding that the filing of a state habeas application stops the one-year period until ruling on state application). When the trial court received Petitioner's state petition on May 15, 2007, 201 days had elapsed after his conviction became final on October 26, 2006.[3] The Texas Court of Criminal Appeals denied his state application on January 21, 2009. Therefore, the statute of limitations was tolled until that date. The AEDPA clock began to run again on January 22, 2009. Petitioner mailed his *Application for Certificate of Appealability* in Cause No. 3:09-cv-662-G on April 1, 2009. The one-year time period for filing a federal petition had not yet expired at that time; only 69 additional days had elapsed. Petitioner's first federal petition was dismissed without prejudice for failure to prosecute on June 4, 2009, however. A pending federal habeas petition does not toll the statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). Therefore, the one-year statute of limitations expired on or about July 5, 2009, which was four years before Petitioner filed his second federal petition on July 5, 2013. The statutory tolling provision does not save the federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can,

---

[3] The Fifth Circuit has recently held that due to a change in Texas state law regarding when state post-conviction pleadings are considered filed, *pro se* inmate filings are deemed filed at the time they are delivered to prison authorities, not at the time they are stamped by the clerk of the court. *Richards v. Thaler*, 710 F.3d 573, 577 (5th Cir. 2013). The record in this case does not contain any direct evidence of when Petitioner delivered his state application to the prison authorities because he did not date his initial state habeas application, although he did date an amended application on May 22, 2007. (*See Ex parte Smith*, WR-68,762-02, State Habeas Transcript at 9-10, 89.) The only apparent date in the record here is the date that the state writ was received by the trial court. The exact date the state application was mailed is not necessary to the disposition of this case.

5

in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010) (deciding that the timeliness provision in the AEDPA is subject to equitable tolling); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). The federal courts may equitably toll the limitations period of 28 U.S.C. § 2244(d)(1) in "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). The Supreme Court has recently stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). Petitioner has the burden to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine whether there are sufficient exceptional circumstances present that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, while Petitioner initially filed a timely challenge to his state court conviction in federal court, he did not prosecute his first federal petition because he failed to pay the filing fee or seek IFP status and to file the petition on the appropriate form after being ordered to do so. Furthermore, after it was recommended that his first federal petition be dismissed for failure to prosecute, and after his objection was overruled and his federal petition was dismissed without prejudice, he waited *four*

*years* before he filed any further challenge to his state court conviction. He has presented no argument or evidence that he was prevented from filing his second federal petition earlier. Petitioner has not shown that he has acted diligently in pursuing his rights. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition should be barred by the statute of limitations.

### III. RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 24th day of October, 2013.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE